QUESTION: Does the repeal of s. 168.03, F.S. 1971, by Ch. 73-129, Laws of Florida, preclude the service of process of a municipal court anywhere within the county in which such court is located?
SUMMARY: According to the legislative intent expressed in Ch. 73129, Laws of Florida, the Municipal Home Rule Powers Act which repeals s. 168.03, F.S. 1971, until legislatively or judicially clarified to the contrary, the process of municipal courts can continue to be served anywhere within the county in which such court is situate. Section 168.03, F.S. 1971, formerly provided, in general, that the process of a municipal court of a municipality within the state could be served anywhere within the territorial limits of the county in which such municipality was located, and that the city or town marshal, his deputies, or other executive officer of a municipal court could serve and execute such process anywhere within the territorial limits of the county within which the municipal court issuing the same was located. However, s. 168.03, id., was repealed by s. 5, of Ch. 73-129, Laws of Florida, the Municipal Home Rule Powers Act (Ch. 166, F.S.). Thus, you inquire as to whether the process of municipal courts may still be served anywhere within the county in which such court is located. Initially, it is clear that a municipality may not extend by ordinance the territorial jurisdiction of a municipal court beyond municipal boundaries, since Art. VIII, s. 2(c), State Const., provides that "[m]unicipal annexation of unincorporated territory, merger of municipalities, and exercise of extra-territorial powers by municipalities shall be as provided by general or special law." (Emphasis supplied.) A municipal ordinance is, of course, neither a general nor a special law. See Grapeland Heights Civic Ass'n v. City of Miami, 267 So.2d 321, 324
(Fla. 1972). See also s. 166.021(3)(a), F.S., which excepts the subjects of annexation, merger, and exercise of extraterritorial power from the subject matter upon which the legislative body of a municipality may legislate. This is not to say, however, that the process of a municipal court can no longer be served anywhere within the county in which such court is located. Section 166.042, F.S., expresses the legislative intent to be that the repeal by Ch. 73-129, supra, of the chapters of Florida Statutes enumerated therein, including Ch. 168, supra, . . . shall not be interpreted to limit or restrict the powers of municipal officials . . . [and] that municipalities shall continue to exercise all powers heretofore conferred on municipalities by the chapters enumerated above, but shall hereafter exercise those powers at their own discretion, subject only to the terms and conditions which they choose to prescribe.
Thus, I am of the opinion that, according to the legislative intent expressed in the foregoing provision, and until legislatively or judicially directed otherwise, the process of municipal courts can continue to be served anywhere within the county in which such court is situate.